## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

IN RE:
CLITES, JIMMIE
CLITES, JANET

Debtor(s)

CHAPTER 7 -- Liquidation

CASE NO. 05-75642 MB

Social Security/Employer Tax ID Number: xxx-xx-0275

HONORABLE MANUEL BARBOSA

### NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS FOR COMPENSATION, (AND HEARING ON THE ABANDONMENT OF PROPERTY BY THE TRUSTEE)

TO the Debtor(s), Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee's Final Report has been filed and a hearing will be held
    At:    U.S. BANKRUPTCY COURT
           211 South Court Street, Room 220
           Rockford, IL 61101

    on:    May 6, 2009
    at:    9:30 a.m.

2. The hearing will be held for the purpose of examining the Trustee's Final Report, ruling on any objections to the Final Report, ruling on applications for compensation and expenses, and transacting such other business as may be properly noticed before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The following applications for compensation have been filed:

| APPLICANT | COMPENSATION PREVIOUSLY PAID | FEES NOW REQUESTED | EXPENSES |
|---|---|---|---|
| Richard A. Palmer<br>Trustee's Attorney | $ 9,000.00 | 0.00 | 0.00 |
| Richard A. Palmer<br>Trustee's Attorney | $ 245.50 | 000 | 0.00 |
| BRADLEY J. WALLER<br>Trustee | $ 0.00 | 12,960.87 | 913.77 |
| LEE G. SCHWENDNER, CPA<br>Trustee's Accountant | $ 0.00 | 1,952.50 | 0.00 |
| BRADLEY J. WALLER<br>Trustee's Attorney | $ 900.00 | 1,600.00 | 0.00 |

4. The Trustee's Final Report shows total:

    a. Receipts                              $        201,717.31

    b. Disbursements                         $        155,063.16

    c. Net Cash Available for Distribution   $         46,654.15

5. In addition to the fees, compensation and expenses that may be allowed by the Court, liens, priority claims, secured claims, and court costs which must be paid in advance of general unsecured creditors have been allowed in the amount of $42,542.19. Assuming that all fees, compensation and expenses are allowed in the amounts requested, this leaves the total amount of $0.00, to be distributed to the general unsecured creditors whose claims have been allowed. The total amount of unsecured claims which will share in the distribution is $49,789.18, resulting in an approximate distribution of 0.00% to unsecured creditors, plus interest.

6. The debtor has been discharged.

7. The Trustee proposed to abandon the following property at the hearing:

   a. 607 E. 3rd Street Commercial Building
   b. Personal Checking Account - Sauk Valley
   c. Personal Checking Account - 5/3 Bank
   d. Personal Savings Account - Sauk Valley Bank
   e. Business Checking - Sauk Valley Bank
   f. Business Checking - 5/3 Bank
   g. Edward D. Jones - Money Market Account
   h. Household goods
   i. Wearing apparel
   j. Miscellaneous jewelry and weeding rings
   k. ReliaStar Whole Life Insurance
   l. State Farm Insurance - Whole Life
   m. Midwest Security - Term Insurance
   n. Mass Mutual - Whole Life
   o. Western & Southern Life Insurance
   p. Western & Southern Life Insurance
   q. Jackson National Life IRA
   r. 5/3 Bank IRA
   s. C & E Glass stock & interests
   t. 2005 Chevy Malibu
   u. 1998 Chevy ½ ton Pickup
   v. 1998 Dodge Dakota Pickup
   w. Miscellaneous office equipment of C & E Glass Company
   x. Tools and equipment for C & E. Glass Company
   y. Personal savings account - Sterling Federal Bank

DATE: _____          For the Court,

                                       By: _____

                                       United States Bankruptcy Clerk